## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. PIERCE DIVISION

PET PASSAGES, INC., a New York
corporation,

               Plaintiff,                        **JURY TRIAL DEMANDED**

     v.

SAFEBURN LLC, d/b/a SAFE PASSAGES
and d/b/a SAFE PASSAGES PET
CREMATION, a Florida limited liability
company,

               Defendant.

_____/

### COMPLAINT

       Plaintiff, Pet Passages, Inc. ("Plaintiff" or "Pet Passages"), by and through undersigned

counsel, brings this action for federal trademark infringement under 15 U.S.C. § 1114 and federal

unfair competition, false designation of origin, and cybersquatting under 15 U.S.C. § 1125 against

Safeburn LLC ("Defendant" or "Safeburn") and alleges as follows:

### INTRODUCTION

       1.     Plaintiff is a corporation that provides a range of pet loss goods and services under

the mark "PET PASSAGES." Plaintiff's services include, but are not limited to, pet cremation

services, pet euthanasia services, pet funeral services, pet bereavement support services, and pet

memorialization services. Plaintiff also offers a number of pet loss-related goods such as, urns,

caskets, jewelry, picture frames, portraits and other keepsake items.

       2.     This lawsuit arises from Defendant's use of the infringing "SAFE PASSAGES"

name in connection with, at least, pet cremation services, pet euthanasia services, pet

memorialization services, and pet loss-related goods such as urns, caskets, jewelry, picture frames and other keepsake items, which directly or indirectly overlap with the goods and services offered by Plaintiff.

3.      Plaintiff brings this action to (a) halt Defendant's infringing conduct; (b) preserve its hard-earned reputation and goodwill; and (c) protect its valuable intellectual property from irreparable harm and a likelihood of confusion caused by the acts of Defendant.

## PARTIES

4.      Plaintiff is a corporation, organized under the laws of New York, with a principal place of business at 348 State Route 104, Ontario, New York, 14519. Plaintiff has licensees and/or franchisees throughout the United States, including in the State of Florida.

5.      On information and belief, Defendant is a Florida limited liability company having a principal address at 19100 SW Warfield Blvd, Building 25, Indiantown, Florida, 34956.

## JURISDICTION AND VENUE

6.      This is an action pursuant to 15 U.S.C. §§ 1114, 1125(a) and 1125(d). Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action arises under various laws of the United States, insofar as it arises from issues related to goods and services offered in commerce, and as it relates to Plaintiff's federal trademark registrations.

7.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff does not share citizenship with Defendant and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.      This Court may properly exercise personal jurisdiction over Defendant because Defendant operates a business in this state, is committing tortious acts within this state and is

engaged in substantial and not isolated activity within this state. *See* Fla. Stat. §§ 48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2).

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendant has its principal place of business and/or domicile in this state within this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## GENERAL ALLEGATIONS

### *Plaintiff, Pet Passages, Inc.*

10.      Over the years, Plaintiff has built a reputation as a highly regarded name in the pet loss industry. Plaintiff is nationally recognized as the innovative leader within the pet funeral and cremation profession. Plaintiff has more than twenty (20) locations throughout thirteen (13) states.

11.      Since at least as early as 2008, Plaintiff, through its predecessor in interest, has used the PET PASSAGES name in connection with, at least, its pet funeral and pet cremation services.

12.      This has led Plaintiff to acquire Federal trademark registrations with the United States Patent and Trademark Office ("USPTO") for "PET PASSAGES" marks, both as a standard character mark, which affords trademark protection for the phrase "PET PASSAGES," without regard to stylization or design, as well as a design mark for the same:

| Mark | Registration. No. | Registration. Date |
|------|-------------------|--------------------|
| **PET PASSAGES** (standard character) | 5,080,545 | November 15, 2016 |
| | 5,085,399 | November 22, 2016 |

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

(collectively, the "PET PASSAGES Marks.")

13.     True and accurate copies of Plaintiff's registrations, Reg. Nos. 5,080,545 and 5,085,399 from the USPTO records showing the current and accurate title and status of these registrations are attached as **Exhibits A and B** hereto.

14.     Each of Plaintiff's registrations identified above is valid and subsisting and, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, each "has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce." *Id.*

15.     Each of Plaintiff's certificates of registration identified above is "*prima facie* evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate." 15 U.S.C. § 1057(b).

16.     Plaintiff has also spent significant resources in advertising and promoting its services under the PET PASSAGES name and the PET PASSAGES Marks.

17.     By virtue of Plaintiff's longstanding use and promotional efforts, the PET PASSAGES Marks are distinctive and have become a unique source identifier for Plaintiff such that the public associates the PET PASSAGES Marks with Plaintiff, as a common origin of Plaintiff's pet funeral and pet cremation services.

18.     The PET PASSAGES Marks have never been assigned or licensed to Defendant.

*Defendant Safeburn LLC's Infringing Conduct*

19.     Upon information and belief, Defendant Safeburn LLC is a company that provides pet loss services and maintains a principal place of business at 19100 SW Warfield Blvd, Building

25, Indiantown, Florida 34956. Defendant provides pet loss services and related goods under the names, "SAFE PASSAGES" and "SAFE PASSAGES PET CREMATION" (collectively, the "Infringing Marks"), including, but not limited to, pet cremation services, pet euthanasia services, pet memorialization services, and pet loss-related goods such as urns, caskets, jewelry, picture frames and other keepsake items (the "Safeburn Goods and Services") as identified on Defendant's website. *See* **Exhibit C**, a true and accurate copy of the https://www.safepassagespetcremation.com/ home page.

20.    Defendant advertises and uses the Infringing Marks, on its website at: https://www.safepassagespetcremation.com/, which is reproduced below in relevant part:



21.    Defendant advertises and uses the Infringing Marks on its Facebook page at: https://www.facebook.com/SafePassagesPetCremation, which is reproduced below in relevant part:



22.     Defendant's domain name, <safepassagespetcremation.com>, includes terms which are confusingly similar to Plaintiff's PET PASSAGES mark.

23.     Defendant's website, advertisements, domain name, and social media pages, using the Infringing Marks are accessible to, and upon information and belief have been accessed by and displayed to, individuals throughout the United States, and therefore, Defendant's use of the Infringing Marks affect interstate commerce.

24.     Plaintiff contacted Defendant several times about Defendant's use of the Infringing Marks, commencing shortly after their encounter in January 2024 at the Veterinary Meeting and Expo trade show in Orlando, Florida, including Plaintiff's demand letters dated February 28, 2024 and April 2, 2024. *See* **Exhibits D and E**, true and accurate copies of letters dated February 28, 2024, and April 2, 2024, respectively, from Plaintiff to Defendant.

25.     Defendant continues to use the Infringing Marks in connection with goods and services that overlap with those covered by the PET PASSAGES Marks.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
## IN VIOLATION OF 15 U.S.C. § 1114

26.     Plaintiff re-alleges and incorporates by reference the allegations above in paragraphs 1 - 25 as if fully set forth herein.

27.     This Count I is an action for Defendant's willful trademark infringement of Reg. No. 5,080,545 for PET PASSAGES and Reg. No. 5,085,399 for PET PASSAGES and Design, under 15 U.S.C. § 1114.

28.     Plaintiff owns valid and subsisting United States trademark registrations for the PET PASSAGES Marks. *See* **Exhibits A and B**. Plaintiff's registrations are prima facie evidence of the validity and enforceability of the PET PASSAGES Marks.

29.     Plaintiff's use, through its predecessor in interest, of the PET PASSAGES name began at least as early as 2008 and, therefore, predates any use by Defendant of the Infringing Marks by over a decade.

30.     Defendant's later adoption and unauthorized use of the Infringing Marks in connection with the Safeburn Goods and Services constitutes adoption and use in commerce of marks that are reproductions of, and confusingly similar with, the PET PASSAGES Marks.

31.     Defendant's continued use of the Infringing Marks is likely to cause confusion, mistake or deception, and is likely to deceive the public as to the source of the Safeburn Goods and Services and/or the affiliation or connection with Plaintiff, or sponsorship or approval of Defendant and its goods and services by Plaintiff. In fact, Defendant's use of the Infringing Marks has already caused confusion.

32.     Defendant's adoption and use of the Infringing Marks was intentional and with knowledge of Plaintiff's senior use and ownership of the PET PASSAGES Marks, as Defendant

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

was on constructive notice of the PET PASSAGES Marks based on Plaintiff's longstanding federal registrations, as well as on actual notice of same at least as of January 2024, when the parties met at the Veterinary Meeting and Expo trade show in Orlando, Florida. Defendant received further notice from Plaintiff on February 28, 2024, when Plaintiff sent its first formal demand letter to Defendant. *See* **Exhibit E**, letter from Plaintiff to Defendant dated February 28, 2024.

33.     Defendant's acts constitute trademark infringement of Plaintiff's federally registered marks in violation of Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114.

34.     As a proximate result of Defendant's actions, Plaintiff is likely to suffer harm to its business reputation and goodwill and is entitled to recover damages.

35.     Defendant has caused and will continue to cause irreparable injury to Plaintiff and, unless restrained by this Court, such acts and injury will continue.

36.     Defendant's foregoing acts of infringement have been and continue to be deliberate and willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

37.     Plaintiff has no adequate remedy at law.

38.     Therefore, Plaintiff is entitled to injunctive relief against Defendant, as well as all monetary remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits, costs, and attorney's fees.

## COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

39.     Plaintiff re-alleges and incorporates by reference the allegations above in paragraphs 1 - 25 as if fully set forth herein.

40.     This Count II is an action for Defendant's willful violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Plaintiff is the owner of the distinctive PET PASSAGES brand and the PET PASSAGES Marks, which have been in use for at least over a decade prior to any use of the Infringing Marks by Defendant.

42.     Defendant, without authorization or consent, has knowingly and intentionally used a close variation of the PET PASSAGES Marks, in commerce in connection with its offering of the Safeburn Goods and Services, including through use on its advertisements, domain name, website, and on social media, which constitutes a false designation of origin and false association that wrongfully suggests that the Safeburn Goods and Services originate from Plaintiff, or are somehow affiliated with, sponsored, endorsed, licensed by, or related to, Plaintiff.

43.     Defendant's acts constitute a violation of 15 U.S.C. § 1125(a) in that Defendant's use of the Infringing Marks in connection with the Safeburn Goods and Services in commerce is likely to cause confusion, mistake or deception, and is likely to deceive the public as to the source of Safeburn Goods and Services and/or the affiliation or connection with Plaintiff, or sponsorship or approval of the Safeburn Goods and Services by Plaintiff.

44.     As a proximate result of Defendant's actions, Plaintiff is likely to suffer harm to its business reputation and goodwill and is entitled to recover damages.

45.     Defendant has caused and will continue to cause irreparable injury to Plaintiff and, unless restrained by this Court, such acts will continue.

46.     Defendant was aware of Plaintiff's use and ownership of the PET PASSAGES Marks, as Defendant was on constructive notice based on Plaintiff's longstanding federal registrations, as well as on actual notice of same at least as of January 2024, when the parties met at the Veterinary Meeting and Expo trade show in Orlando, Florida. Defendant received further

notice from Plaintiff on February 28, 2024, when Plaintiff sent its first formal demand letter to Defendant. *See* **Exhibit E**, letter from Plaintiff to Defendant dated February 28, 2024.

47.     Defendant's foregoing acts have been and continue to be deliberate and willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

48.     Plaintiff has no adequate remedy at law.

## COUNT III: CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125(d)

49.     Plaintiff re-alleges and incorporates by reference the allegations above in paragraphs 1 - 25 as if fully set forth herein.

50.     This Count III is an action for Defendant's willful violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

51.     Plaintiff owns valid and subsisting United States trademark registrations for the PET PASSAGES Marks. *See* **Exhibits A and B**. Plaintiff's registrations are prima facie evidence of the validity and enforceability of the PET PASSAGES Marks.

52.     Plaintiff also owns the domain name <petpassages.com>.

53.     The PET PASSAGES Marks are distinctive, and have been in use for, at least, over fifteen (15) years.

54.     On information and belief, Defendant owns, operates, and controls the domain name and website at safepassagespetcremation.com, and registered, traffics in and/or uses the safepassagespetcremation.com domain name.

55.     The PET PASSAGES Marks were distinctive at the time of registration of the petpassages.com domain name.

56.     The safepassagespetcremation.com domain name is confusingly similar to the PET PASSAGES Marks and Plaintiff's petpassages.com domain name.

57.     Upon information and belief, Defendant registered and uses the safepassagespetcremation.com domain name to capitalize on the goodwill associated with the PET PASSAGES Marks.

58.     Upon information and belief, Defendant registered and uses the safepassagespetcremation.com domain name with a bad faith intent to profit from Plaintiff's PET PASSAGES Marks.

59.     Defendant's diversion of traffic has harmed and continues to harm Plaintiff's ability to generate business and keep customers.

60.     As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered damages and will continue to suffer actual and other damages in an amount to be proven at trial.

61.     Defendant's actions, as described above, constitute cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

62.     Plaintiff has no adequate remedy at law.

63.     Plaintiff is entitled to an injunction to prevent Defendant from using the domain name at issue or any other domain name that is confusingly similar to the PET PASSAGES Marks, and to the transfer of the safepassagespetcremation.com domain name to Plaintiff.

64.     Defendant's foregoing acts have been and continue to be deliberate and willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## <u>PRAYER FOR COSTS AND ATTORNEY'S FEES</u>

Plaintiff, Pet Passages, Inc., requests an award of reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1117 and any other applicable basis for costs and attorney's fees based upon the claims brought herein.

## REQUEST FOR JURY TRIAL

Plaintiff, Pet Passages, Inc., requests a jury trial of any matter so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE**, for all the foregoing reasons, Plaintiff, Pet Passages, Inc., requests this Honorable Court grant relief in the following manner:

A.      That Defendant and its officers, agents, servants, employees and attorneys and all persons or entities in active concert or participation with Defendant who receive actual notice of the injunctive order, be preliminarily and permanently enjoined, from:

1.      Using, advertising, promoting, displaying, registering, applying for or maintaining registrations for, or exploiting in any manner, the mark or names SAFE PASSAGES, SAFE PASSAGES PET CREMATION or any other marks, designations, designs, or trade dress confusingly similar to the PET PASSAGES Marks, in connection with any goods or services, including but not limited to any marks or names including or consisting of the phrase PET PASSAGES, SAFE PASSAGES, or any other term confusingly similar thereto, in connection with the Safeburn Goods and Services and related pet loss goods and services, and in connection with the use of the safepassagespetcremation.com domain name, or any other domain name confusingly similar thereto; and

2.      Committing any other acts calculated or likely to cause the public to believe that Defendant and its services are in any way connected, affiliated, approved by or associated with Plaintiff;

B.      Plaintiff be awarded all monetary remedies available under the Lanham Act, including but not limited to penalties, fines, compensatory damages, treble damages, disgorgement of profits, interest, costs, and attorney's fees as legally permitted by each Count, respectively;

C.      Judgment against Defendant for willful infringement of the PET PASSAGES Marks under 15 U.S.C. § 1114, including a disgorgement of profits and other applicable damages;

D.      Judgment against Defendant for a willful violation of 15 U.S.C. § 1125(a), including any and all applicable damages;

E.      Judgment against Defendant for a willful violation of 15 U.S.C. § 1125(d), including any and all applicable damages;

F.      An Order directing Defendant (and the relevant registrar) to transfer to Plaintiff the safepassagespetcremation.com domain name and all other domain names Defendant owns or controls that contain any marks confusingly similar to Plaintiff's PET PASSAGES Marks; and

G.      Any and all other relief as the Court deems just, equitable and proper.


*[signature on the following page]*

Date:   July 9, 2024                    Respectfully submitted,

                                                   **LOTT & FISCHER, PL**

                                                 **Leslie J. Lott**

Leslie J. Lott
Florida Bar No. 182196
E-mail: ljlott@lottfischer.com
Ury Fischer
Florida Bar No. 048534
E-mail:  ufischer@lottfischer.com
Neda Lajevardi
Florida Bar No. 92823
E-Mail:  nlajevardi@lottfischer.com
Ariel Weltz
Florida Bar No. 1033815
E-mail: aweltz@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

*Counsel for Plaintiff Pet Passages, Inc.*